UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JOSE GUADALUPE PENA-RODRIGUEZ, | ) ) ) | |
| v. | ) ) ) | Case No. CV613-029 CR611-021 |
| UNITED STATES OF AMERICA | ) | |

## REPORT AND RECOMMENDATION

Jose Guadalupe Pena-Rodriguez has filed a 28 U.S.C. § 2255 motion that the government moves to dismiss because, it contends, he waived his right to § 2255 relief when he pled guilty in this case. CR611-021 docs. 119 & 126.[1]

## I. BACKGROUND

In three counts an indictment charged Pena-Rodriguez with conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846, and possession with intent to distribute 50 grams or more of

---

[1] All record citations are to the criminal docket, CR611-021. Pinpoint citations are to the page number the electronic case filing system assigns automatically to the upper right hand corner of each page.

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Doc. 1 at 1-3. Assisted by attorney Martin G. Hilliard, he signed a plea agreement in which he pled guilty to count two -- possession with intent to distribute 50 grams or more of methamphetamine. Docs. 60 & 83. Pena-Rodriguez waived his right to a direct appeal, as well as his right to collaterally attack his conviction and sentence:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any postconviction proceeding, including a § 2255 proceeding, *on any ground*, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the government's right to appeal, but if the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 83 at 5 (emphasis added).

In exchange, the government agreed to dismiss the remaining counts against him and not object to an acceptance-of-responsibility sentence reduction request if defendant qualified. Doc. 83 at 4. After specifically questioning defendant about whether he understood that he was entering into the double-waiver, doc. 124 at 25-26, 28, the Court

found that he did, and that his guilty plea was thus knowing and voluntary. The Court then accepted the agreement and guilty plea. *Id.* at 31, 36-37. It also accepted the Presentence Investigation Reports' (PSI's) 168-210-month sentence range (PSI at 12 ¶ 52), but, after the government moved for a reduction, sentenced Pena-Rodriguez to only 155 months. Docs. 77 & 84.

Defendant took no appeal. Despite the fact that he "double-waived" his postconviction appeal rights and cannot satisfy the waiver's exceptions, he now complains that Hilliard provided him with ineffective assistance of counsel (IAC)[2] by ignoring his request to take a direct appeal, and also failed to consult with him about it. Doc. 119 at 4, 5, 7; doc. 120 at 4. Hilliard, he further insists, should have objected to "drug

---

[2] In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

attribution and the weapons enhancement" he claims was used in his sentencing. Doc. 120 at 10. Significantly, movant does not claim that he did not understand his guilty plea or that he was waiving his appeal rights. In fact, he "concedes he entered a valid guilty plea to the lesser included offense of count two of the indictment." Doc. 120 at 10.

As in *Murdock v. United States*, CR410-159, doc. 712, 2013 WL 3225478 (S.D. Ga. June 25, 2013), the Court is "presented with a 28 U.S.C. § 2255 motion based upon a defense attorney's alleged failure to file a direct appeal following his client's conviction." *Id.*, 2013 WL 3225478 at * 1. Also as in *Murdock*, this claim arises "despite this Court's *repeated* direction to the defense bar to use a Court-issued form aimed at preventing such claims." *Id.* No such form appears in the record here.

Nevertheless, the same district judge presiding over this case has adopted the rationale set forth in the undersigned's Report and Recommendation in *Murdock*, CR410-159, doc. 72 (S.D. Ga. July 16, 2013), and the same fact pattern here supports *Murdock's* result -- deny Pena-Rodriguez's § 2255 motion. *Murdock*, 2013 WL 3225478 at * 2-4 (*Roe v. Flores-Ortega*, 528 U.S. 470 (2000), detailed IAC criteria where

4

counsel fails to file a direct appeal, but Murdock's double-waiver foreclosed a *Roe*-based, IAC claim) (citing, *inter alia*, United States v. *Lechuga*, 2013 WL 2466552 at * 2 (10th Cir. June 10, 2013) (IAC claim based on counsel's failure to file requested appeal was barred by collateral attack waiver, since the claim did not relate to the validity of the plea or the waiver)).

Pena-Rodriguez's § 2255 motion should therefore be **DENIED** because his IAC and sentencing-error claims are barred by his double-waiver. But like *Murdock*, this Court finds the issue debatable among jurists of reason. *Id.*, 2013 WL 3225478 at * 4. Hence, if he appeals he would be entitled to a certificate of appealability and, if he is indigent, leave to appeal *in forma pauperis*.

**SO REPORTED AND RECOMMENDED**, this 12th day of August, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA